**Homer McCLARTY, as trustee in bankruptcy for Maridarlene Fortney, Plaintiff,**

v.

**Dale GUDENAU, and Sullivan, Ward, Bone, Tyler & Asher, P.C., Defendants.**

**No. 93–CV–73427–DT.**

United States District Court, E.D. Michigan, S.D.

April 20, 1994.

Lawrence S. Charfoos, Charfoos & Christensen, Detroit, MI, for plaintiff.

Robert H. Harkness, Zweig & Lane, Southfield, MI, for defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

PEPE, United States Magistrate Judge.

Plaintiff trustee in bankruptcy filed this motion to compel production of documents and for sanctions. This motion was referred to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

This is an action for legal malpractice. On February 8, 1994, plaintiff served a request upon defendants to produce defendants' entire file on the case in which the malpractice allegedly occurred. Defendants responded on February 17, 1994, with a letter stating that they would be willing to produce the file only upon receipt of authorization by the plaintiff's ward in bankruptcy, who was the plaintiff in the underlying action, and her insurance carrier. It is implicit in this letter, and is made explicit in the brief in opposition to this motion, that defendants are refusing to produce the documents on grounds of attorney-client privilege.

On February 25, 1994, plaintiff filed this motion to compel. Plaintiff argues that "[t]he Trustee stands in stead of Mrs. Fortney as client and clients are universally entitled to see their file!" Br. in support at 1. Plaintiff cites no case law in support of the proposition that the privilege passes to the trustee.

■ Defendants argue that the privilege belongs to plaintiff's ward in bankruptcy. They cite two cases, neither of which are relevant as they are both non-bankruptcy cases which merely assert the well established proposition that the attorney-client

privilege belongs to the client. While this is true as a general rule, these cases do not address the unique circumstances surrounding a bankruptcy case.

There is very little case law addressing this issue. Most of those cases which do address the issue do so in the context of a corporate debtor. *See, e.g. Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). But the Supreme Court reasoned in the *Weintraub* case that decisions such as waiving privileges should be made by "the actor whose duties most closely resemble those of [a corporations's] management," *Id.* at 351–52, 105 S.Ct. at 1992, which is the trustee. "The individual debtor who seeks legal advice on his own behalf is ... fundamentally different from the corporate debtor's manager." *In Re Hunt*, 153 B.R. 445, 452 (Bankr.N.D.Tex.1992). Thus, these cases are not on point.

At least one court has confronted this issue and has held that the privilege does not pass to the trustee. "The question posed by the Motion is whether the Independent Trustees can step into the [debtor's] shoes and direct the attorneys to [decline to assert the attorney-client privilege on the clients' behalf]. This Court concludes that they cannot." *Hunt,* at 450–51. The *Hunt* court's recognition that a corporate manager does not expect to retain control over the privilege in perpetuity, whereas an individual does reasonably expect to retain such control over her own life, along with the individual debtor's greater interest in privacy, *Id.* at 452–53, provides convincing reasons to distinguish the individual debtor from the corporate debtor in *Weintraub*. While a plaintiff, in asserting a claim, often implicitly waives certain privileges, here it is the Trustee and not the debtor who brought this malpractice claim.

■ The primary purpose of the attorney-client privilege is to facilitate free and open communications from a client to a lawyer. Limitations on a client's control over the privilege will inhibit such free and open communication. If a client knows that, should she fall on hard financial times, her privilege may be unilaterally waived by a stranger who is appointed to serve as her Trustee in bankruptcy and whose interest in the matter and concerns for privacy may differ from her own, then the fundamental purpose of the privilege could be eroded. Thus, these policy considerations justify a rule that preserves the control of the privilege to the debtor.

It is anticipated that the debtor will cooperate with the Trustee's request for a waiver of the privilege. Yet I believe it is for the debtor in the first instance, and not the Trustee or this Court, to determine whether to waive her privilege with her former attorneys.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel is hereby DENIED.

So ORDERED.